Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEANETTE WOOLSEY ROSS et al.,

*Plaintiff(s)*,

v.

DESIREE MITZEL et al.,

*Defendant(s)*.

Civil Action No. 17-6195

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiffs Jeanette Woolsey Ross and Howard Ross seek to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

Under § 1915, this Court may excuse litigants from prepayment of fees when a litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiffs sufficiently establish their inability to pay, and the Court grants their application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiffs are proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## I. FACTUAL BACKGROUND

This case appears to be, in essence, a challenge to a state court foster care custody determination regarding Plaintiffs' biological daughter, "RMR," who has been placed in Defendants' custody. Plaintiffs complaint asserts a claim for writ of habeas corpus under 28 U.S.C. § 2254 challenging Defendants' "temporary Guardianship [sic]" of Plaintiffs' daughter "RMR." Compl. at 1-2. Plaintiffs argue, among other things, that "RMR is being held against her will from the care and custody rightfully hers with her biological parents/Our family and Family Property Law has been violated." *Id.* at 1. Plaintiffs additionally allege violations of the First,

Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments. *Id.* at 5. Plaintiffs also appear to assert a claim under the Parental Kidnapping Prevention Act ("PKPA"), the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), the Uniform Child Custody Jurisdiction Act ("UCCJA"), and "section 1028." *Id.* at 1-2.

The facts alleged in the complaint are limited, unclear, and do not follow a consistent timeline. Nevertheless, it appears that Plaintiffs claim that on May 14, 2009, Plaintiffs' daughter was unlawfully taken from Plaintiffs' custody by the Orange County (NY) Department of Social Services at a hospital[1] based on false allegations of abuse. *Id.* at 1. Plaintiffs' contend that this action was taken despite the fact that their daughter was not in imminent danger. *Id.* at 2. Plaintiffs provide very few details about the court proceedings, however Plaintiffs make reference to the fact that the Orange County Family Court granted Defendants Desiree and Charles Mitzel a "temporary guardianship" of RMR on August 4, 2010. *Id.* at 2. It appears from the Complaint that the Orange County Family Court issued an order that placed Plaintiffs' daughter in foster care with the Defendants. *Id.* at 3.

Plaintiffs separately claim that the State of New York and the Orange County Family Court did not have proper jurisdiction because Plaintiffs and Plaintiffs' daughter were residents domiciled in the State of New Jersey. *Id.* at 1. The complaint also asserts that the Ulster County (NY) Family Court lacks jurisdiction, but it is unclear from the complaint what Ulster County Family Court decision Plaintiffs are referencing. Plaintiffs lastly claim that a "1028 proceeding was filed for and a 1028 proceeding was never held" without providing any additional context. *Id.* at 2.

---

[1] Plaintiffs state in their complaint that their daughter "was unlawfully seized from St. Luke's Hospital on May 14th 2009 appx. 10pm, by Orange County New York State CPS Goshen New York." Pl. Compl. at 1.

3

## II. ANALYSIS

### a. 28 U.S.C. § 2254 Habeas Corpus Claim[2]

Plaintiffs complaint, while difficult to construe, appears to first make a habeas corpus claim under 28 U.S.C. § 2254.[3] Compl. at 1. Plaintiffs seem to challenge the confinement of their daughter in violation of the "WARRANT CLAUSE"[4] as well as the First, Fourth, Fifth, Sixth, Eighth, Ninth, and 14th Amendments. *Id.* at 1-2.

This Court has jurisdiction to hear a writ of habeas corpus under Section 2254 for persons "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Custody" can mean physical custody or both "'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (quoting *Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 160 (3d Cir. 1997). In interpreting Section 2254, the Supreme Court has made clear that those who are placed under the supervision of a foster parent are not considered to be in the "custody" of the state for the purposes of Section 2254. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 505-16 (1982). It is well established that neither the

---

[2] The Court notes that it will not address potential defenses to the claims raised herein. In particular, it appears that even if Plaintiffs' habeas corpus claim had merit, it concerns a decision whose statute of limitations has run. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); Compl. at 2 (claiming that "the Mitzels were granted a temporary Guardianship [sic] of RMR on August 4th 2010 by Hon [sic], Judge Binova in Orange County Family Court New York State.").

[3] Plaintiffs titled their complaint "RE-HABEOUS CORPOUS 2254 [sic]"and Plaintiffs also attached a form titled "Form for use in application for Habeas Corpus under 28 U.S.C. § 2254" and included it in the submitted documents. Compl. at 1.

[4] The Court construes "WARRANT CLAUSE" to refer to the Fourth Amendment.

4

termination of parental rights nor the decision to place a child in foster care custody may be challenged using Section 2254. *Lehman*, 458 U.S. at 411 ("Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody."). Here, Plaintiffs' Section 2254 claim is apparently based on the fact that their daughter was placed in the foster care of Defendants. *See* Compl. at 3 (referencing Plaintiffs' daughter being "placed in foster care"). Because it is well established that neither a parent's allegations of unlawful termination of parental rights nor a child's placement in foster care are considered "custody" within the scope of Section 2254, this Court lacks the jurisdiction to hear Plaintiffs' claims based on Section 2254.[5] Therefore, Plaintiffs' claims based on Section 2254 are dismissed for lack of subject-matter jurisdiction.

### b. PKPA Claim

Plaintiffs' complaint next appears to allege that the Orange County Family Court and Orange County Department of Social Services violated, among other statutes, the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A ("PKPA") when it granted Defendants some form of custody over Plaintiffs' daughter.[6] Plaintiffs also allege that Ulster County Family

---

[5] "Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[6] Plaintiffs' complaint states that "Due Process of Law was violated when the state of New York Orange County CPS and Orange County Family Court did NOT DEFER TO THE HOME STATE OF NEW JERSEY [sic] in violation of DUE PROCESS CLAUSE, IN VIOLATION OF [T]HE PKPA-ACT[,] THE UCCJEA-ACT, RULES, LAWS, CODES STATUES [sic]." Compl. at 2.

Court similarly violated the PKPA, however Plaintiffs do not specify how the Ulster County Family Court is involved in the facts of this case.

The PKPA "imposes a duty on the States to enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act." *Thompson v. Thompson*, 484 U.S. 174, 175–76 (1988). However, in *Thompson*, the Supreme Court made clear that the PKPA "does not create a private right of action in federal court." *Id.* at 178-79; *Fleming v. Cape May Cty.*, 475 F. App'x 811, 812 (3d Cir. 2012) (reaffirming that the PKPA does not create a private right of action). Because of the Supreme Court's clear holding in *Thompson*, this Court does not have any authority to grant Plaintiffs claims based on the PKPA. *See LaMaina v. Brannon*, 804 F.Supp. 608, 612 (D.N.J. Aug. 27, 1992). Therefore, Plaintiffs' claims based on the PKPA are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

### c. UCCJEA, UCCJA, Section 1028 Claims

Plaintiffs' complaint also appears to allege that the Orange County Family Court and Orange County CPS violated the UCCJA and the UCCJEA when it exercised jurisdiction over the custody action. Compl. at 2. However, the Plaintiffs fail to further describe their UCCJA and UCCJEA claims. The Court presumes that the Plaintiffs are claiming violations of the New York UCCJEA, codified as N.Y. Dom. Rel. Law § 75 et seq. Plaintiffs also allege that their rights were violated because a "1028 proceeding" was not held. Compl. at 2. The Court presumes that Plaintiffs are alleging violations of the New York Family Court Act § 1028.

However, this Court has no subject-matter jurisdiction to resolve purely state law claims.[7] "Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, Plaintiffs have failed to set forth any facts supporting this Court's subject-matter jurisdiction for their claims based on the New York UCCJEA or the New York Family Court Act. Plaintiffs' claims based on New York state law do not raise a federal question. Additionally, while Plaintiffs have stated that they were residents of New Jersey, Compl. at 2, and currently domiciled in Virginia, Pl. IFP Application, they have not included any facts by which this Court may determine the citizenship of Defendants. In short, Plaintiffs have failed to provide any basis for this Court's jurisdiction over their New York UCCJEA or Family Court Act claims. Therefore, Plaintiff's claims based on the "UCCJA," "UCCJEA," and "1028" are dismissed.

---

[7] While it is true that federal courts may exercise supplemental jurisdiction under 28 U.S.C. § 1367, the court must first have original jurisdiction over the civil action under 28 U.S.C. § 1332. Here, there is no such jurisdiction under Section 1332, and therefore this Court may not exercise jurisdiction over any state law claims under Section 1367.

7

### d. Remaining Constitutional Claims

Plaintiffs' remaining claims appear to allege violations of the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the Constitution. Compl. at 5. Plaintiffs do not include the vehicle by which they are bringing these challenges based on the Constitution, however the Court assumes they are using 42 U.S.C. § 1983.[8] To the extent that Plaintiffs were solely relying on Section 2254 regarding their constitutional claims, that section was analyzed above.

Federal lawsuits under Section 1983 to enforce these Amendments require government officials to be exercising governmental power—i.e. "state action." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, *and must show that the alleged deprivation was committed by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Private actors can only be found to be state actors if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

Here, however, Plaintiffs attempt to bring these constitutional claims against Defendants, who appear to be private citizens. Claims based on the Constitution are generally not cognizable against private citizens functioning as foster parents. *See, e.g., Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (holding that foster parents in Pennsylvania are not state actors for purposes of

---

[8] The Fourth, Fifth, and Eighth Amendments also provide a private cause of action against federal actors. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (establishing a right of action under the Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (establishing a right of action under the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (establishing a cause of action under the Eighth Amendment). Here, however, Defendants are private citizens not engaged in any federal state action.

liability under § 1983); *Dyer v. Family Court*, 2016 WL 7494864, at *4 (E.D.N.Y. Dec. 28, 2016) (dismissing claims against a foster mother because she was not a state actor) ; *Smith v. Gristina*, 2012 WL 247017, at *3 (S.D.N.Y. Jan. 6, 2012) ("Courts of Appeals that have examined whether foster parents are state actors under Section 1983 have resoundingly answered in the negative."); *Lynn v. St. Anne Inst.*, 2006 WL 526796, at *17 (N.D.N.Y. Mar. 2, 2006) (holding that a foster care institution was not a state actor). Plaintiffs did not include any basis in their complaint to conclude that Defendants are acting under the color of state law. Rather, it appears that Defendants are simply private citizens who were granted some form of foster care custody over Plaintiffs' daughter. *Id.* at 3. Therefore, these remaining constitutional claims fail because there is no plausible allegation that Defendants are state actors.

### III. CONCLUSION

When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein, and meets all other requirements for Section 1983 claims.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff

will be precluded from filing any future suit against Defendants concerning the allegations in the complaint. An appropriate form of Order accompanies this Opinion.

Dated: September 28, 2017

                                                 JOHN MICHAEL VAZQUEZ, U.S.D.J.